JEMMA E.  DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*

Attorneys for Plaintiff
Bernard Dingess

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BERNARD DINGESS, an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>TEAM FORD, LLC, a Nevada limited liability company dba TEAM FORD,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)  NEGLIGENT SUPERVISION & RETENTION;**<br><br>**(2)  DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(3)  DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(4)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br><br>**(5)  DISCRIMINATION (42 U.S.C. § 1981);**<br><br>**(6)  RETALIATION (N.R.S. § 613.340);**<br><br>**(7)  RETALIATION (42 U.S.C. § 1981);**<br><br>**(8)  RETALIATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(9)  RETALIATION (42 U.S.C. § 12203 *et seq.*);**<br><br>**(10) FAILURE TO PROVIDE REASONABLE ACCOMMODATION;** |

-1-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**(11) FMLA INTERFERENCE;**

**(12) RETALIATION IN VIOLATION OF THE FLSA;**

**(13) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

Plaintiff Bernard Dingess ("Plaintiff" or "Mr. Dingess") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq*, 42 U.S.C. § 1981, 29 CFR § 825.220, 42 U.S.C. § 12112 *et seq.*, 42 U.S.C. § 12203 *et seq.*, 42 U.S.C. 2000gg *et seq.*, and 29 U.S.C. 201 *et seq.* The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because Defendant Team Ford, LLC dba Team Ford resides in Clark County, Nevada.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

4. Mr. Dingess began working for Team Ford as a Sales Representative in or around March 2020. During his employment, Mr. Dingess experienced racial discrimination from his General Sales Manager Bryant Gilligan. Mr. Dingess was denied price approvals granted to white colleagues, significantly impacting his sales numbers. After reporting discrimination in July 2024, Mr. Dingess faced increased scrutiny and manipulation of his sales figures. On or about November 11, 2024, Mr. Dingess was hospitalized for high blood pressure resulting in a stroke. Team Ford

-2-

terminated Mr. Dingess's employment on or about, December 9, 2024, while he was hospitalized, just days before year-end bonuses.

## PARTIES

5. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

6. Defendant Team Ford, LLC dba Team Ford (hereinafter "Defendant" or "Team Ford") is a Nevada limited liability company that conducts business in Clark County.

## FACTUAL ALLEGATIONS

7. On or about March 11, 2020, Mr. Dingess began working as a Sales Representative for Team Ford, where he consistently performed at a high level.

8. Beginning in or around early 2023, after Bryant Gilligan was hired as General Sales Manager, Mr. Dingess, an African American male, began experiencing racially discriminatory treatment that white employees did not experience.

9. On or about May/June 2024, Mr. Dingess was repeatedly denied price reduction approvals for customers by Mr. Gilligan, while similarly situated white colleagues were routinely granted identical price reductions for the same vehicles, directly impacting Mr. Dingess's sales numbers and commission earnings.

10. On or about July 3, 2024, Mr. Dingess formally complained to Human Resources and Vice President Chris Goshel regarding the discriminatory sales practices and differential treatment he was experiencing based on his race.

11. In or around August 2024, following Mr. Dingess's complaint, Mr. Gilligan began targeting Mr. Dingess by manipulating his sales figures, including improperly reassigning his sales to other representatives and forcing commission splits with employees who had no involvement with customers, actions that were applied disparately to Mr. Dingess.

12. On or about November 5, 2024, Mr. Gilligan made an explicitly racist comment in the presence of multiple employees, stating that "he can't wait for Trump to get in office to get all these motherfuckers out of here," referring to minority employees, which Mr. Dingess reported to Human Resources and his manager, but no remedial action was taken.

13. On or about November 11, 2024, Mr. Dingess was hospitalized and subsequently

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

diagnosed with a Transient Ischemic Attack (TIA) and stroke, for which he provided medical documentation to Team Ford through texts, photos, and doctor's notes.

14. Between November 11 and December 9, 2024, Mr. Dingess maintained regular communication with his direct supervisor Rocky Carroll and HR representative Marcus Ellis regarding his medical condition and hospitalization, providing all requested documentation and following proper protocols for his medical leave.

15. On or about December 5, 2024, Mr. Dingess filed a second formal complaint regarding discriminatory and harassing behavior, and that same day was readmitted to the hospital following a second stroke, with documentation stating he should not return to work until January 2, 2025.

16. On or about December 9, 2024, while Mr. Dingess was being discharged from the hospital following his second stroke, Team Ford terminated his employment, citing pretextual bases, when the true motivation was discrimination based on his race and disability, as well as retaliation for his complaints of discrimination and requests for accommodation.

17. *Summary of Plaintiff's Protected Statuses and Activity*: Mr. Dingess is an African American male who has a disability in the form of a serious medical condition that resulted in dangerously high blood pressure leading to a Transient Ischemic Attack (TIA) and stroke requiring hospitalization in November and December 2024. Mr. Dingess engaged in protected activities including: filing formal complaints of race discrimination to HR and Vice President Chris Goshel on or about July 3, 2024; reporting discriminatory sales practices and racially charged comments by his manager Bryant Gilligan; submitting another formal complaint in October 2024 regarding discriminatory crediting of sales; filing a third complaint on or about December 5, 2024 about ongoing discrimination; requesting medical leave due to his hospitalization; providing medical documentation to support his condition; and attempting to engage in the FMLA process.

18. On January 26, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On May 7, 2025, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the

-4-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

right to sue notice.

19.    *Punitive damages*: Plaintiff is entitled to punitive damages.  (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

20.    *Reckless Indifference and Conscious Disregard*: Team Ford knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Team Ford willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

21.    *Malice*: The conduct of Team Ford was committed with malice, including that (a) Team Ford acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Team Ford was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Team Ford against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23.    *Fraud:* In addition, and/or alternatively, the conduct of Team Ford, as alleged, was fraudulent, including that Team Ford asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

24.    Further, Team Ford is liable for the wrongful acts of its employees, including its supervisory personnel, because Team Ford had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others.  (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FIRST CLAIM FOR RELIEF

### Negligent Supervision & Retention

### (Plaintiff Bernard Dingess against Team Ford)

25. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26. Plaintiff was employed by Team Ford.

27. Team Ford had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

28. Team Ford breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

29. As a direct and proximate result of the actions of Team Ford, Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

30. Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

31. The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

///

///

///

///

-6-

## SECOND CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Bernard Dingess against Team Ford)

32.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

33.    As defined by N.R.S. § Plaintiff was employed by Team Ford. Team Ford is an employer, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

34.    The acts and omissions of Team Ford, as more fully set forth herein, constituted discrimination on the bases of a protected status or statuses within the meaning of N.R.S. § 613.330.

35.    Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

36.    Plaintiff charges that Team Ford discriminated against the Plaintiff based on his protected status or statuses.

37.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

38.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

39.    The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and

-7-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Bernard Dingess against Team Ford)**

40.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

41.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on his protected status or statuses.

42.    Plaintiff was an employee of Team Ford, as defined by 42 U.S.C. § 2000e(b), and thus is barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.*  Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

43.    Team Ford took adverse employment actions against Plaintiff because of his protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

44.    The discriminatory acts of Team Ford have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

45.    The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

46.    Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FOURTH CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Bernard Dingess against Team Ford)**

47.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

48.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

49.    Team Ford, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

50.    Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

51.    Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

52.    Team Ford took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

53.    The discriminatory acts of Team Ford constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

54.    The discriminatory acts of Team Ford have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

55.    The acts of Team Ford alleged herein were undertaken with malice, with intent to

-9-

injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

56.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FIFTH CLAIM FOR RELIEF

**Discrimination in Violation of 42 U.S.C. § 1981**

**(Plaintiff Bernard Dingess against Team Ford)**

57.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

58.    Plaintiff was employed by Team Ford.

59.    Employers, as defined by 42 U.S.C. § 1981(c), are prohibited from discriminating against any person with respect to the persons compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in 42 U.S.C. § 1981.  Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

60.    Plaintiff is within the class of persons that 42 U.S.C. § 1981(a) intends to protect, and termination of employment on the basis of discrimination is the type of injury prohibited by 42 U.S.C. § 1981.

61.    Plaintiff charges that Team Ford discriminated against the Plaintiff because of his race and color.

62.    As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful race and color discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

63.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs and attorneys' fees under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

64.    The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

**SIXTH CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Bernard Dingess against Team Ford)**

65.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

66.    Plaintiff was employed by Team Ford.

67.    Plaintiff engaged in protected activity.

68.    Team Ford was aware of Plaintiff's protected activity.

69.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

70.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

71.    The conduct of Team Ford alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

72.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary

-11-

damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

73. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020, as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

## SEVENTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 1981

### (Plaintiff Bernard Dingess against Team Ford)

74. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

75. Plaintiff was employed by Team Ford.

76. Employers, as defined by 42 U.S.C. § 1981(c), are prohibited from retaliating against any person for opposing race discrimination in the workplace and/or by complaining internally about the discriminatory treatment of another employee based on race.

77. The acts and omissions of Team Ford, as more fully set forth herein, constituted retaliation within the meaning of 42 U.S.C. § 1981.

78. Plaintiff is within the class of persons that 42 U.S.C. § 1981(a) intends to protect, and a retaliatory termination of employment is the type of injury prohibited by 42 U.S.C. § 1981.

79. Plaintiff engaged in protected activity by reporting race discrimination.

80. Team Ford was aware of Plaintiff's protected activities.

81. After engaging in protected activities, Plaintiff suffered an adverse employment action. In particular, Plaintiff's employment was terminated.

82. There is a causal connection between Plaintiff's protected activity and the adverse employment action, as the termination of Plaintiff's employment occurred shortly after Plaintiff engaged in protected activities.

83. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful retaliation, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and

-12-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

emotional injury, pain and distress.

84. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs and attorneys' fees under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

85. The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

## EIGHTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 2000e *et seq.*

### (Plaintiff Bernard Dingess against Team Ford)

86. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

87. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

88. Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(f).

89. Team Ford is an employer, as defined by 42 U.S.C. § 2000e(b), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

90. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq*.

91. As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, Team Ford engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

92. The conduct of Team Ford constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an

employee who complains about or opposes discrimination or harassment.

93.     The conduct of Team Ford alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

94.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

95.     Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## NINTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203 *et seq.*

### (Plaintiff Bernard Dingess against Team Ford)

96.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

97.     Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

98.     Plaintiff was an "employee" of Team Ford, as defined by 42 U.S.C. § 12111(4).

99.     Team Ford was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the same the statute.

100.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

-14-

101.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Team Ford engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

102.    The conduct of Team Ford constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

103.    The conduct of Team Ford alleged herein has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

104.    The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

105.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## TENTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Bernard Dingess against Team Ford)**

106.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

107.    Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

108.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

-15-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

109. Team Ford employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

110. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

111. Plaintiff requested reasonable accommodation for his disability.

112. Team Ford failed to provide reasonable accommodation for Plaintiff's disability.

113. The failure of Team Ford to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

114. The acts of Team Ford alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

115. The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

116. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**ELEVENTH CLAIM FOR RELIEF**

**Interference with FMLA Rights in Violation of 29 CFR § 825.220**

**(Plaintiff Bernard Dingess against Team Ford)**

117. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

118. Plaintiff is a member of the classes of persons protected by federal statutes

-16-

prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

119. Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

120. Team Ford was an employer, as defined by 29 U.S.C. § 2611(4), and thus was barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

121. Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

122. As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Team Ford engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, and/or retaliating against Plaintiff for taking or requesting leave.

123. The conduct of Team Ford constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

124. The acts of Team Ford alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

125. The acts of Team Ford alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Team Ford, and to make an example of and deter Team Ford from engaging in such conduct in the future.

126. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## TWELFTH CLAIM FOR RELIEF

### Discrimination in Violation of the Federal Labor Standards Act

### (Plaintiff Bernard Dingess against Team Ford)

127. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

128. Plaintiff is within the class of persons that 29 U.S.C. § 215(a)(3) intends to protect, and retaliation for engaging in protected activity is the type of injury prohibited by 29 U.S.C. § 215(a)(3).

129. Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e).

130. Defendant was an "employer" of Plaintiff, as defined by 29 U.S.C. § 203(d), and engaged in commerce or in the production of goods for commerce, with annual gross volume of business exceeding $500,000.

131. Plaintiff complained to Defendant about its failure to pay him his due wages earned in violation of the FLSA.

132. Plaintiff's complaint constituted protected activity under 29 U.S.C. § 215(a)(3), of which Defendant had actual or constructive knowledge.

133. Following Plaintiff's protected complaint, Defendant engaged in retaliatory conduct, including but not limited to termination.

134. Defendant's adverse actions would deter a reasonable employee from making or supporting similar FLSA wage-and-hour complaints.

135. Defendant's conduct violates 29 U.S.C. § 215(a)(3) and warrants relief under 29 U.S.C. § 216(b).

136. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered lost wages, employment benefits, emotional distress, and other damages in an amount to be proven at trial.

137. Defendant's retaliatory actions were willful and in conscious disregard of Plaintiff's

-18-

rights, entitling Plaintiff to a three-year statute of limitations and liquidated damages under 29 U.S.C. § 255.

138.   Plaintiff has incurred and continues to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 216(b), Plaintiff will move the Court for recovery of reasonable attorneys' fees and costs in an amount according to proof.

### THIRTEENTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(Plaintiff Bernard Dingess against Team Ford)**

139.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

140.   By its actions described hereinabove, Team Ford intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

141.   The conduct of Team Ford caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

142.   The actions of Team Ford were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Team Ford were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

143.   Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

///

///

///

///

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.      Liquidated damages;

3.      Emotional distress damages;

4.      Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5.      For an award of reasonable attorneys' fees and costs incurred in this action;

6.      For pre-judgment and post-judgment interest, as provided by law; and

7.      For other and further relief as the Court may deem just and proper.

DATED:  July 14, 2025                    GREENBERG GROSS LLP


By:    */s/ Jemma E. Dunn*
        Jemma E.  Dunn
        Matthew T. Hale

        Attorneys for Plaintiff
        Bernard Dingess

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Bernard Dingess hereby demands a jury trial.


DATED:  July 14, 2025                    GREENBERG GROSS LLP



                                    By:   */s/ Jemma E. Dunn*
                                          Jemma E.  Dunn
                                          Matthew T. Hale

                                          Attorneys for Plaintiff
                                          Bernard Dingess

-21-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL